UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-00143-R

TAJ GRAPHICS ENTERPRISES, LLC                             PLAINTIFF

v.

B. DANIEL SILLS, et al.                                    DEFENDANTS,
                                                           COUNTERCLAIMANTS,
                                                           THIRD-PARTY
                                                           PLAINTIFFS

v.

K&B CAPITAL, LLC, et al.                                   THIRD-PARTY
                                                           DEFENDANTS

## OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Remand Trial Date and Scheduling Order and to Stay Proceedings (Docket #41). The motion is unopposed. Defendants have also filed a Supplemental Brief in support of their motion (Docket #42).

The Court simultaneously considers Plaintiff's Application for Entry of Default (Docket #38) and Application for Default Judgment (Docket #39). Defendants have responded (Docket #40). The Court also considers Defendants' Motion for Extension of Time to File Dispositive Motions (Docket #43). These matters are now ripe for adjudication.

## BACKGROUND

Plaintiff Taj Graphics Enterprises, LLC alleges that on September 9, 2004, through the execution of various purchase agreements and promissory notes, K&B Capital, LLC sold to Defendants B. Daniel Sills and Melanie Joy Hubb its outstanding membership interests in multiple commercial enterprises, namely Defendants Waste Path Sanitary Landfill, LLC, K&C Group, LLC, Liberty Industrial Services, LLC, and Bluegrass Incineration Services, LLC. On

October 1, 2004, K&B Capital, LLC assigned to Plaintiff all of K&B Capital's rights under the purchase agreements and promissory notes. Plaintiff alleges that as of July 31, 2007, Defendants are indebted and in default of their performance obligations under these purchase agreements and promissory notes. Plaintiff seeks to recover the amounts due under the promissory notes and damages for breach of contract.

In their counterclaim and third-party complaint, Defendants Waste Path Sanitary Landfill, LLC, B. Daniel Sills, Melanie Joy Hubb, and Glen O'Connell allege fraud in the inducement, fraud, and breach of contract against Plaintiff and Third-Party Defendants Robert Kattula, Maria Kattula, and K&B Capital, LLC.

Plaintiff now moves for an entry of default and default judgment against Defendants K&C Group, LLC, Liberty Industrial Services, LLC, and Bluegrass Incineration Services, LLC. Defendants Waste Path Sanitary Landfill, LLC, B. Daniel Sills, Melanie Joy Hubb, and Glen O'Connell move to remand the trial date and stay the present proceedings.

## DISCUSSION

Concurrently ongoing with the present litigation is the Chapter 11 bankruptcy of LWD, Inc. and K&B Capital, LLC in the United States Bankruptcy Court for the Western District of Kentucky. On May 7, 2009, the Bankruptcy Court issued an Order directing seizure of certain assets of Robert Kattula, Maria Kattula, and K&B Capital, LLC. *See In re LWD, Inc.*, No. 04-05024 (Bankr. W.D. Ky. May 7, 2009). The three aforementioned parties are all Third-Party Defendants in the present litigation before the Court.

By motion, the Chapter 11 Trustee and Official Unsecured Creditor's Committee of LWD, Inc. sought to direct certain assets of Robert Kattula, Maria Kattula, and K&B Capital,

LLC (hereinafter "Contemnors") to be seized and sold to Prime Financial, Inc. *See In re LWD, Inc.*, No. 04-05024 (Bankr. W.D. Ky. May 7, 2009). One such asset was "claims being litigated by Contemnors and/or their alter egos in *Taj Graphics Enterprises, LLC v. Daniel Sills et al.*, Case No. 5:07-cv-00143-TBR, in the United States District Court for the Western District of Kentucky." In its Order, the Bankruptcy Court held that any capture of the Contemnors' assets had to be accomplished within the joint administration of the main bankruptcy case, rather than as an adversary proceeding, so that all parties to the bankruptcy could receive full and fair notice of the sale of the assets. Thus, the court ordered the seizure of the Contemnors' assets, including the claims being litigated in the present case, for further administration by the Chapter 11 Trustee. The Order directs the Chapter 11 Trustee to conduct a sale of the assets to the highest bidder.

  Defendants argue that pursuant to the Bankruptcy Court's Order, Plaintiff is no longer the real party in interest to the present litigation, and the real party in interest will remain unknown until the causes of action are auctioned. Therefore, Defendants argue that it would be premature and against the interests of fairness and judicial economy to proceed in this litigation at this time.

  The Court agrees. In the exercise of its sound discretion, a district court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. *See American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215-16 (1937). The causes of action in this case are presently held by the Chapter 11 Trustee, their disposition pending an auction to be overseen by the Chapter 11 Trustee. It would be premature to proceed prior to the auction, without knowledge of the real party in interest to Plaintiff's claims. Therefore, the Court finds that the present proceedings should be stayed pending the resolution

of the Chapter 11 Trustee's sale of the causes of action in this case.

In light of the uncertainty surrounding the real party in interest to Plaintiff's claims, the Court also finds dismissal of Plaintiff's applications for entry of default and default judgment appropriate. Plaintiff moves for an entry of default and default judgment pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(1) against Defendants Liberty Industrial Services, LLC, Bluegrass Incineration Services, LLC, and K&C Group, LLC based on Defendants' failure to file a timely answer. Defendants Waste Path Sanitary Landfill, LLC, B. Daniel Sills, Melanie Joy Hubb, and Glen O'Connell respond that the aforementioned companies are defunct, having no active operations, assets, or standing with the Kentucky Secretary of State. For the reasons explained above, the Court finds that resolution of these issues is premature and better reserved for a time following the Chapter 11 Trustee's sale of the causes of action in this case.

## CONCLUSION

The Court being duly and sufficiently advised, IT IS HEREBY ORDERED that Defendants' Motion to Remand Trial Date and Scheduling Order and to Stay Proceedings is GRANTED. The Court's Agreed Revised Scheduling Order is remanded and all deadlines therein are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Application for Default Judgment and Application for Entry of Default are DISMISSED as moot. Defendants' Motion for Extension of Time to File Dispositive Motion is DISMISSED as moot.

The case is hereby stayed and held in abeyance for six (6) months.

A telephonic conference is set for December 4, 2009 at 8:45 am CST. The Court will place the call.