UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

TAJ GRAPHICS ENTERPRISES, LLC                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:07-CV-143-JRW-LLK

B. DANIEL SILLS, et al.                                                    DEFENDANTS

**MEMORANDUM OPINION
AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

The Court issued a jurisdictional show cause order[1] to TAJ Graphics, who bears the burden of establishing jurisdiction.[2] The Court gave it until January 31, 2020 to seek leave to amend the Complaint so it could address the citizenship of TAJ Graphics, K&C Group, Liberty, and Bluegrass.[3] TAJ Graphics ignored the Show Cause Order.[4]

Third-party defendant K&B Capital (not to be confused with K&C Group) responded.[5] It also filed an Amended Complaint,[6] though it did not seek leave to amend, as both the Order and Rule 15 required.[7] K&B Capital says complete diversity exists because K&C Group and Bluegrass

---

[1] DN 112.
[2] *Varsity Brands, Inc. v. Star Athletica*, 799 F.3d 468, 494 (6th Cir. 2015).
[3] DN 112.
[4] TAJ Graphics's disobedience of the Show Cause Order is grounds for dismissing the Complaint with prejudice. Fed. R. Civ. P. 41(b). Additionally, its failure to prosecute this action is grounds for dismissing the Complaint with prejudice. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). But, because the Court lacks jurisdiction over this action, it will not address whether dismissal with prejudice is appropriate.
[5] DN 113.
[6] DN 113-1.
[7] DN 112; Fed. R. Civ. P. 15(a)(2) (after the window for amending as a matter of course expires, a party may only amend with the opposing party's consent or with leave of court).

1

are Kentucky citizens.[8] But, to avoid a potential jurisdictional problem, K&B Capital asks the Court to substitute it for TAJ Graphics and to use Rule 21 to dismiss all defendants except Sills, Hubb, and O'Connell.[9]

Current lineup[10]

| Π TAJ Graphics (MI) | v. | Δ Sills (KY) |
| --- | --- | --- |
| | | Δ Hubb (KY) |
| | | Δ Waste Path (KY) |
| | | Δ K&C Group (KY or MI) |
| | | Δ Liberty (KY or MI) |
| | | Δ Bluegrass (KY or MI) |
| | | Δ O'Connell (KY) |

K&B's proposed lineup from proposed Amended Complaint:[11]

| Π K&B Capital (MI) | v. | Δ Sills (KY) |
| --- | --- | --- |
| | | Δ Hubb (KY) |
| | | Δ O'Connell (KY) |

---

[8] DN 113 at #1333.

[9] *Id.* at #1335 ("Therefore, dismissal of all defendants, including K&C Group and Bluegrass, except for Sills, Hubb and O'Connell is proper and more efficient because it avoids an unnecessary dispute over the transfer of the membership interests of K&C Group and Bluegrass in order to address a jurisdictional issue and avoids duplicative litigation.").

[10] DN 1.

[11] DN 113-1.

Rule 21 permits a district court to dismiss a *dispensable* nondiverse party at any time.[12] Necessary parties cannot be dismissed under that rule.[13]

K&B Capital says K&C Group and Bluegrass are dispensable because they are defunct.[14] But, a party's ability to pay a judgment has nothing to do with the necessary party analysis. Rather, necessary parties are those that claim interests in the litigation and are so situated that disposing of the action without them may impair their ability to protect their interests.[15] Thus, even if K&C Group and Bluegrass are defunct, that status does not make them dispensable.

Notably, K&B Capital is silent about whether TAJ Graphics, Waste Path, and Liberty are necessary parties.[16] TAJ Graphics – the sole plaintiff that invoked the Court's jurisdiction 13 years ago – is a necessary party. The Court cannot dismiss TAJ Graphics under Rule 21.

Waste Path, Liberty, K&C Group, and Bluegrass are necessary parties. The sale of their membership interests is at the heart of this lawsuit: "In general, this lawsuit involves the sale and transfer of membership interests of various entities, including Waste Path Sanitary Landfill, K&C Group, Liberty, and Bluegrass, in September of 2004."[17] The Court cannot dismiss them under Rule 21.

Finally, making K&B Capital the plaintiff doesn't solve the jurisdictional problem. The parties dispute whether K&C Group and Bluegrass are Michigan citizens or Kentucky citizens.[18]

---

[12] Fed. R. Civ. P. 21; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).
[13] *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999).
[14] DN 113 at #1334.
[15] Fed. R. Civ. P. 19(a)(1)(B)(i).
[16] DN 113 at #1334-5.
[17] *Id.* at #1333.
[18] *Id.* ("Accordingly, it appears that the dispute over the transfer of the membership interests of K&C Group and Bluegrass may have an impact on jurisdiction.").

But, K&B Capital has not offered any evidence that they are Kentucky citizens. Accordingly, the Court lacks diversity jurisdiction. The Court **DISMISSES** this case, **without prejudice**.

Justin R Walker, District Judge
United States District Court

March 26, 2020